UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT BONDS, Jr., <br><br> Plaintiff, <br><br> v. <br><br> JENNIFER PROCTOR, <br><br> Defendant. | No. 2:25-cv-02417-DAD-SCR <br><br><br> ORDER |

Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") and has submitted a declaration listing his income as zero, savings as zero, and averring he is unable to pay the costs of this proceeding. The motion to proceed IFP will therefore be granted. However, for the reasons provided below, the Court finds Plaintiff's complaint is legally deficient and will grant Plaintiff leave to file an amended complaint.

I. SCREENING

A. Legal Standard

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

1

monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  In reviewing the complaint, the Court is guided by the requirements of the Federal Rules of Civil Procedure.  The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought.  Fed. R. Civ. P. 8(a).  Plaintiff's claims must be set forth simply, concisely and directly.  Fed. R. Civ. P. 8(d)(1).  Forms are available to help pro se plaintiffs organize their complaint in the proper way.  They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor.  *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), *cert. denied*, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Erickson*, 551 U.S. at 94.  However, the court need not accept as true legal conclusions, even if cast as factual allegations.  *See Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  A formulaic recitation of the elements of a cause of action does not suffice to state a claim.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. *See Akhtar v. Mesa*, 698 F.3d 1202, 1213 (9th Cir. 2012).

B. The Complaint

Plaintiff's complaint is only three-pages long and names one defendant, Judge Jennifer Proctor of Solano County Superior Court. ECF No. 1 at ¶ 2. The factual allegations are sparse, consisting of five sentences. Plaintiff alleges Defendant violated his constitutional rights and ignored his claims that he was exempt from "statutory codes." *Id.* at ¶¶ 1-2. Plaintiff alleges he was held "in custody for 60 days, claiming incompetence." *Id.* at ¶ 3. Plaintiff further alleges that Defendant refused to accept his affidavits and "ignored relevant case law." *Id.* at ¶¶ 4-5. Plaintiff then lists 20 different causes of action, with no factual allegations described in support of any of them. The counts are simply, for example: violation of due process, security fraud, kidnapping, chattel theft, etc. Plaintiff seeks only monetary relief, in the form of a judgment of $100 million dollars.

C. Analysis

Plaintiff's complaint seeks monetary damages from a defendant immune from such relief based on the nature of the allegations. Judges generally have absolute immunity for judicial acts taken within the jurisdiction of their courts. *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. 2021) ("It is well settled that judges are generally immune from suit for money damages."); *Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 n.1 (9th Cir. 2020) ("Judges are also entitled to absolute immunity from damages suits."). This immunity applies unless a judge "acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). This immunity also applies even when a judge is accused of acting maliciously or corruptly. *See Lund*, 5 F.4th at 972 ("[A] judicial act does not stop being a

judicial act even if the judge acted with 'malice or corruption of motive.'" (citation omitted)).

Plaintiff does not allege that Judge Proctor acted in the clear absence of all jurisdiction. Instead, he specifically complains of actions that are judicial in nature, such as the allegation that she "ignored relevant case law." ECF No. 1 at 2. Plaintiff also appears to complain of a judicial ruling concerning competency proceedings. *Id*. Plaintiff further makes the conclusory assertion that Defendant "operated outside of rules and procedures." *Id*. Not only is this an entirely conclusory assertion, but "[g]rave procedural errors" do not deprive a judge of immunity. *Schucker*, 846 F.2d at 1204, citing *Stump v. Sparkman,* 435 U.S. 349, 355–57 (1978).

Plaintiff fails to state a claim upon which relief may be granted. He merely lists 20 potential causes of action. A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time" if it fails to state a claim on which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. However, Plaintiff is proceeding pro se and a pro se litigant should be given leave to amend unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). It may be that leave to amend would be futile. *See Valencia v. Juan*, 2024 WL 1007234 at *2 (E.D. Cal. 2024) (leave to amend is futile where a defendant is immune to a claim for damages raised in the complaint). Plaintiff has not alleged factual content demonstrating the Defendant acted in the clear absence of all jurisdiction or took acts that were not judicial in nature. However, given the vagueness and brevity of the factual allegations, rather than recommending dismissal of the action, the undersigned will provide Plaintiff an opportunity to amend the complaint to allege facts supporting a cognizable cause of action and to demonstrate that the Defendant does not have immunity from such claim.

## II.  AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, it must contain a short and plain statement of Plaintiff's claims.  The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint.  Each paragraph should be limited "to a single set of circumstances" where possible.  Rule 10(b).  As noted above, forms are available to help plaintiffs organize their complaint in the proper way.

The amended complaint must not force the Court or the Defendants to guess at what is being alleged against whom.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants").  Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete.  An amended complaint must be complete in itself without reference to any prior pleading.  Local Rule 220.  This is because, as a general rule, an amended complaint supersedes the original complaint*. See Pacific Bell Tel. Co. v. Linkline Communications, Inc*., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556-57 (2d ed. 1990)).  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff's amended complaint must address the issues set forth herein.  Plaintiff merely writing "violation of due process" or "violation of 7th amendment" as he did in his original complaint is not sufficient to state a claim.  Plaintiff must allege enough facts in support of his claims to state a claim to relief that is plausible on its face.

## III.  CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.
2. Plaintiff **shall have 28 days from the date of this order** to file an amended complaint that addresses the defects set forth above.  If Plaintiff fails to timely comply with this

1 | order, the undersigned may recommend that this action be dismissed.

2 | 3. Alternatively, if Plaintiff no longer wishes to pursue this action, Plaintiff may file a notice of voluntary dismissal of this action pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

DATED: October 6, 2025

_____
SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE