1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ALBERT BONDS, Jr.,                          No.  2:25-cv-02417-DAD-SCR

12              Plaintiff,

13        v.                                      FINDINGS AND RECOMMENDATIONS

14   JENNIFER PROCTOR,

15              Defendant.

16

17        Plaintiff is proceeding pro se in this matter, which is referred to the undersigned pursuant

18   to Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  The Court previously granted Plaintiff leave

19   to proceed in forma pauperis and screened Plaintiff's complaint pursuant to 28 U.S.C. §1915(e).

20   ECF No. 3.  Plaintiff was advised of the deficiencies with his complaint and given 28 days to file

21   an amended complaint.  Plaintiff has not filed an amended complaint, and the undersigned

22   recommends this action be dismissed for the reasons stated in the prior screening order.

23        I.       The Complaint

24        Plaintiff's complaint is only three-pages long and names one defendant, Judge Jennifer

25   Proctor of Solano County Superior Court.  ECF No. 1 at ¶ 2.  The factual allegations are sparse,

26   consisting of five sentences.  Plaintiff alleges Defendant violated his constitutional rights and

27   ignored his claims that he was exempt from "statutory codes."  *Id*. at ¶¶ 1-2.  Plaintiff alleges he

28   was held "in custody for 60 days, claiming incompetence."  *Id.* at ¶ 3.  Plaintiff further alleges

                                          1

1    that Defendant refused to accept his affidavits and "ignored relevant case law."  *Id*. at ¶¶ 4-5.

2    Plaintiff then lists 20 different causes of action, with no factual allegations described in support of

3    any of them.  The counts are simply, for example: violation of due process, security fraud,

4    kidnapping, chattel theft, etc.  Plaintiff seeks only monetary relief, in the form of a judgment of

5    $100 million.

6        II.    The Prior Screening Order

7        The prior order advised Plaintiff that judges generally have absolute immunity for judicial

8    acts taken within the jurisdiction of their courts.  *See Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir.

9    2021) ("It is well settled that judges are generally immune from suit for money damages.").  ECF

10   No. 3 at 3.  The order stated that this immunity applies unless a judge "acts in the clear absence of

11   all jurisdiction or performs an act that is not judicial in nature."  *Schucker v. Rockwood*, 846 F.2d

12   1202, 1204 (9th Cir. 1988).  *Id*.  Plaintiff was also informed that he may not merely list potential

13   causes of action without supporting factual content, as his original complaint does.  A formulaic

14   recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp.*

15   *v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  ECF No.

16   3 at 4.

17       The Court noted that leave to amend may be futile, but given Plaintiff's pro se status and

18   the vagueness of the allegations, the Court allowed leave to amend.  *Id*. at 4.  Plaintiff was given

19   28 days to file an amended complaint.  That time expired on November 3, 2025, and no amended

20   complaint was filed.

21       Therefore, **IT IS HEREBY RECOMMENDED** that:

22       1.  This action be dismissed for failure to state a claim and for seeking monetary damages

23           against a defendant immune from such relief pursuant to 28 U.S.C. § 1915(e); and

24       2.  The Clerk be directed to enter Judgment and close this case.

25       These findings and recommendations are submitted to the United States District Judge

26   assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14)**

27   **days** after being served with these findings and recommendations, either party may file written

28   objections with the court.  Such document should be captioned "Objections to Magistrate Judge's

2

1    Findings and Recommendations."  Local Rule 304(d).  The parties are advised that failure to file

2    objections within the specified time may waive the right to appeal the District Court's order.

3    *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4    DATED: November 17, 2025.

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

3